Mara E. Michaletz, ABA #0803007
David Karl Gross, ABA #9611065
Birch Horton Bittner & Cherot
510 L Street, Suite 700
Anchorage, Alaska 99501
mmichaletz@bhb.com
dgross@bhb.com
Telephone 907.276.1550

Mark W. Vyvyan, *Pro Hac Vice Forthcoming*
Jessica R. Sharpe, *Pro Hac Vice Forthcoming*
Fredrikson & Byron, P.A.
60 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
mvyvyan@fredlaw.com
jsharpe@fredlaw.com
Telephone 612.492.7000

Attorneys for Defendants Eric Lochen and Mineral Point Consulting, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| HEATHER JAMES, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ERIC LOCHEN; MINERAL POINT CONSULTING SERVICES; CREDITSERVE, INC.; ERIC WELCH; JAY MCGRAW; SHANE THIN ELK; LORI BAKER; CHARLIE TITUS, JR.; LINDBERG CHARLIE; JONATHAN DAVID, SR.; and JOHN DOES 1 - 40,<br><br>        Defendants. | Case No. 4:25-cv-00024-SLG |

## DEFENDANTS' ERIC LOCHEN AND MINERAL POINT CONSULTING, LLC, ANSWER & AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendants, Eric Lochen and Mineral Point Consulting, LLC ("Defendants"), by and through undersigned counsel, hereby file the following Answer and Affirmative Defenses in response to Plaintiff's "Class Action Complaint" (the "Complaint") and allege and show the Court as follows:

## GENERAL ALLEGATIONS

1.     Paragraph 1 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

2.     Paragraph 2 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

3.     Paragraph 3 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

4.     Paragraph 4 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

5.      Paragraph 5 makes no allegations against the Defendants and contains only legal conclusions, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations of Paragraph 5.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

8.      The referenced website speaks for itself, therefore no response is required. To the extent a response is deemed necessary, the Defendants admit that Minto Money is a tribal lending business owned by BEDCO, which is a sovereign economic arm, enterprise, and instrumentality of, and created under the laws of any for the benefit of, the Native Village of Minto, a federally recognized sovereign American Indian tribe in Alaska.

9.      Paragraph 9 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations of Paragraph 9.

10.     Paragraph 10 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations of Paragraph 10.

11.     Defendants admit that Mineral Point Consulting, LLC filed the referenced civil action against BEDCO.  The referenced documents speak for themselves, therefore no response is required.  The Defendants deny the remaining allegations of Paragraph 11 to the extent not expressly admitted herein.

12.     To the extent the allegations of Paragraph 12 pertain to the "Agreement," the referenced document speaks for itself, therefore no response is required.  The Defendants deny the remaining allegations of Paragraph 12 to the extent not expressly admitted herein.

13.     To the extent the allegations of Paragraph 13 pertain to the "Agreement," the referenced document speaks for itself, therefore no response is required. The Defendants deny the remaining allegations of Paragraph 13 to the extent not expressly admitted herein.

14.     Paragraph 14 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations of Paragraph 14.

15.     Paragraph 15 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny that Plaintiff and the Classes are entitled to any of the relief requested.

## JURISDICTION AND VENUE

16.     Paragraph 16 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

17.     Paragraph 17 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

18.     Paragraph 18 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

## THE PARTIES

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19.

20.     Defendants admit the allegations of Paragraph 20.

21.     Defendants admit that Mineral Point Consulting LLC is a limited liability company formed in the State of Wyoming with a principal place of business located at 6801 Jefferson Street NE, Suite 150 PMB 3150, Albuquerque, New Mexico 87109, and that its sole member is Mr. Lochen.  To the extent the allegations of Paragraph 21 pertain to an entity allegedly known as "Mineral Point Consulting Services," the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations.

22.     Paragraph 22 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

23.     Paragraph 23 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

24.     Paragraph 24 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

25.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to Defendant Shane Think Elk's residence and Tribal membership.  As to the remaining allegations of Paragraph 25, the Defendants deny said allegations as stated.

26.     Paragraph 26 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

27.     Paragraph 27 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny that they participated in any enterprise or conspiracy to collect unlawful amounts from consumers. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 27.

## FACTUAL ALLEGATIONS

28.     Paragraph 28 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed

necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

29.     Paragraph 29 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

30.     Paragraph 30 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

31.     Paragraph 31 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

32.     Paragraph 32 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

33.     Paragraph 33 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

34.     Paragraph 34 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

35.     Paragraph 35 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

36.     Paragraph 36 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

37.     Paragraph 37 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

38.     Paragraph 38 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

39.     Paragraph 39 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

40. Paragraph 40 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

41. Paragraph 41 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

42. Paragraph 42 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein. The referenced documents speak for themselves.

43. Paragraph 43 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants admit that Minto Financial dba Minto Money is a wholly owned subsidiary of BEDCO, a sovereign economic arm, enterprise, and instrumentality of, and created under the laws of and for the benefit of, the Native Village of Minto. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 43. The referenced documents speak for themselves.

44.    Paragraph 44 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein. The referenced document speaks for itself.

45.    Paragraph 45 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

46.    Paragraph 46 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein. The referenced document speaks for itself.

47.    Paragraph 47 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants admit that Tolovana Financial dba Birch Lending is a wholly owned subsidiary of BEDCO, a sovereign economic arm, enterprise, and instrumentality of, and created under the laws of and for the benefit of, the Native Village of Minto. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 47. The referenced document speaks for itself.

48.    Paragraph 48 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

49.     Paragraph 49 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

50.     Paragraph 50 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

51.     Paragraph 51 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.  The referenced documents speak for themselves.

52.     Paragraph 52 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants admit that Minto Development Corporation previously provided services to Minto Money.  The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 52.

53.     Paragraph 53 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.  The referenced documents speak for themselves.

54.     Paragraph 54 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.  The referenced documents speak for themselves.

55.     Paragraph 55 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

56.     Paragraph 56 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

57.     Paragraph 57 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

58.     Paragraph 58 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

59.     The Defendants deny the allegations of Paragraph 59.

60.     The Defendants deny the allegations of Paragraph 60.

61.     The referenced document speaks for itself.  The Defendants deny the remaining allegations of Paragraph 61.

62.     Defendants admit that Mineral Point Consulting, LLC filed a civil action against BEDCO.  The Defendants deny the remaining allegations of Paragraph 62 to the extent not expressly admitted herein.

63.     The Defendants admit that Next Level Servicing services Minto Money loans.  The Defendants deny the remaining allegations of Paragraph 63 to the extent not expressly admitted herein.

64.     The Defendants admit the allegations of Paragraph 64.

65.     The Defendants admit that Mr. Lochen has been a presenter at certain conferences in the past.  The Defendants deny the remaining allegations of Paragraph 65 to the extent not expressly admitted herein.

66.     The Defendants deny the allegations of Paragraph 66 as stated.

67.     The Defendants admit Mr. Lochen is the sole member of Mineral Point Consulting, LLC, and that Lochen Law Offices, PLLC is Mr. Lochen's law firm.  The Defendants deny the remaining allegations of Paragraph 67.

68.     The Defendants deny the allegations of Paragraph 68.

69.     The referenced document speaks for itself.  Therefore, no response is required from the Defendants.  To the extent a response is deemed necessary, the Defendants state that the portion of the referenced document quoted in Paragraph 69 is a partial, misquoted excerpt of the referenced document.  Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document.

70.     The referenced document speaks for itself.   Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document.

71.     The Defendants admit that Mineral Point Consulting, LLC has helped BEDCO to grow its consumer lending business into a highly successful and profitable online lending business.   Answering further, the Defendants state that the referenced document speaks for itself and deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, that the "Lochen Defendants" made the referenced allegations.

72.     The Defendants deny the allegations of Paragraph 72.   The referenced document speaks for itself.

73.     The referenced document speaks for itself.   The Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, that the referenced document calls for payment to the "Lochen Defendants."

74.     The referenced documents speak for themselves.  The Defendants admit that Mineral Point Consulting LLC is owed the amounts stated in Mineral Point Consulting LLC's complaint against BEDCO. The Defendants deny all allegations inconsistent with or unsubstantiated by the referenced documents.

75.     The Defendants deny the allegations of Paragraph 75 as stated.  Answering further, the Defendants state that the referenced documents speak for themselves and deny all allegations inconsistent with or unsubstantiated by the referenced documents.

76.     Paragraph 76 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations of Paragraph 76.

77.     The referenced document speaks for itself.  Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, misquotation of the referenced document to refer to the "Lochen Defendants."

78.     The referenced document speaks for itself.  Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, misquotation of the referenced document to refer to the "Lochen Defendants."

79.     Paragraph 79 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

80.     Paragraph 80 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

81.     Paragraph 81 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

82.     Paragraph 82 makes no allegations against the Defendants and contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

83.     Defendants admit the allegations of Paragraph 83.

84.     The referenced document speaks for itself. Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, references to the "Lochen Defendants."

85.     The referenced document speaks for itself. Answering further, the Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document.

86.     Paragraph 86 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

87.     Paragraph 87 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

88.     Paragraph 88 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

89. Paragraph 89 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

90. Paragraph 90 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

91. Paragraph 91 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

92. Paragraph 92 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

93. Paragraph 93 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

94.     Paragraph 94 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

95.     Paragraph 95 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

96.     Paragraph 96 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

97.     Paragraph 97 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

98.     Paragraph 98 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

99.     Paragraph 99 makes no allegations against the Defendants, and therefore no response is required.  To the extent a response is deemed necessary, the Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

100. Paragraph 100 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

101. Paragraph 101 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

102. The referenced document speaks for itself. The Defendants deny all allegations inconsistent with or unsubstantiated by the referenced document, including, without limitation, that the misrepresentation that the referenced document refers to a relationship with the "Lochen Defendants."

103. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 103.

104. Paragraph 104 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

105. Paragraph 105 makes no allegations against the Defendants, and therefore no response is required. To the extent a response is deemed necessary, the Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

106. The Defendants deny the allegations of Paragraph 106 as stated.

107. The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107.

108. Paragraph 108 makes no allegations against the Defendants and contains only legal conclusions; therefore, no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

109. Paragraph 109 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

110. The Defendants deny the allegations of Paragraph 110 to the extent they pertain to the "Lochen Defendants." The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 110.

111. Paragraph 111 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 111.

112. Paragraph 112 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

113.    Paragraph 113 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

114.    The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 114.

115.    The Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 115. Defendants deny Plaintiff's allegation that her loan from Minto Money was usurious.

116.    Paragraph 116 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

117.    Paragraph 117 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

118.    Paragraph 118 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth therein.

119. Paragraph 119 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein. Answering further, the Defendants deny that they lent any money to Plaintiff or any consumer whatsoever.

## CLASS ACTION ALLEGATIONS

120. The Defendants deny the allegations of Paragraph 120.

121. The Defendants deny the allegations of Paragraph 121.

122. The Defendants deny the allegations of Paragraph 122.

123. The Defendants deny the allegations of Paragraph 123.

124. The Defendants deny the allegations of Paragraph 124.

125. The Defendants deny the allegations of Paragraph 125.

126. The Defendants deny the allegations of Paragraph 126.

127. The Defendants deny the allegations of Paragraph 127.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION

**Violation of RICO, 18 U.S.C. § 1962(c)**
**(On Behalf of Plaintiff and the National Class)**
**(Class Claims against the Non-Tribal Defendants)**

128. The Defendants incorporate each of their responses above as if fully set forth herein.

129. Paragraph 129 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

130. The Defendants deny the allegations of Paragraph 130.

131. The Defendants deny the allegations of Paragraph 131.

132. The Defendants deny the allegations of Paragraph 132.

133. Paragraph 133 makes no allegations against the Defendants, therefore no response is required. To the extent a response is deemed necessary, the Defendants state that the referenced statute speaks for itself. Answering further, the Defendants deny any liability to Plaintiff or any other person thereunder.

134. Paragraph 134 contains only legal conclusions to which no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

135. The Defendants deny the allegations of Paragraph 135.

136. The Defendants deny the allegations of Paragraph 136.

137. The Defendants deny the allegations of Paragraph 137.

138. The Defendants deny the allegations of Paragraph 138.

139. The Defendants deny the allegations of Paragraph 139 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## SECOND CAUSE OF ACTION

**Violation of RICO, 18 U.S.C. § 1962(d)**
**(On Behalf of Plaintiff and the National Class)**
**(Class Claims against the Non-Tribal Defendants)**

140. The Defendants incorporate each of their responses above as if fully set forth herein.

141.     Paragraph 141 contains only legal conclusions to which no response is required.     To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

142.     The Defendants deny the allegations of Paragraph 142.

143.     The Defendants deny the allegations of Paragraph 143.

144.     The Defendants deny the allegations of Paragraph 144.

145.     The Defendants deny the allegations of Paragraph 145.

146.     The Defendants deny the allegations of Paragraph 146 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

### THIRD CAUSE OF ACTION

**Violations of California's Usury Law**
**(On Behalf of Plaintiff and the California Class)**
**(Class Claims against the Non-Tribal Defendants)**

147.     The Defendants incorporate each of their responses above as if fully set forth herein.

148.     Paragraph 148 contains only legal conclusions, therefore no response is required.     To the extent a response is deemed necessary, the Defendants state that the referenced statute speaks for itself.     Answering further, the Defendants deny any liability to Plaintiff or any other person thereunder.

149.     The Defendants deny the allegations of Paragraph 149.

150.     The Defendants deny the allegations of Paragraph 150 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## FOURTH CAUSE OF ACTION

### Violations of Cal. Bus. & Prof. Code § 17200
### (On Behalf of Plaintiff and the California Class)
### (Class Claims against the Non-Tribal Defendants)

151.     The Defendants incorporate each of their responses above as if fully set forth herein.

152.     The Defendants deny the allegations of Paragraph 152.

153.     The Defendants deny the allegations of Paragraph 153.

154.     The Defendants deny the allegations of Paragraph 154.

155.     The Defendants deny the allegations of Paragraph 155.

156.     The Defendants deny the allegations of Paragraph 156.

157.     The Defendants deny the allegations of Paragraph 157.

158.     The Defendants deny the allegations of Paragraph 158 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment
### (On Behalf of Plaintiff and the National Class)
### (Class Claims against the Non-Tribal Defendants)
### (Alleged in the Alternative)

159.     The Defendants incorporate each of their responses above as if fully set forth herein.

160.     The Defendants deny the allegations of Paragraph 160.

161.     The Defendants deny the allegations of Paragraph 161 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## SIXTH CAUSE OF ACTION

### Civil Conspiracy
### (On Behalf of Plaintiff and the National Class)
### (Class Claims against the Non-Tribal Defendants)

162.    The Defendants incorporate each of their responses above as if fully set forth herein.

163.    The Defendants deny the allegations of Paragraph 163.

164.    The Defendants deny the allegations of Paragraph 164.

165.    The Defendants deny the allegations of Paragraph 165 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## SEVENTH CAUSE OF ACTION

### Declaratory Judgment, 28 U.S.C. § 2201
### (On Behalf of Plaintiff and the California Class)
### (Class Claims against Tribal Defendants in their official capacities)

166.    The Defendants incorporate each of their responses above as if fully set forth herein.

167.    Paragraph 167 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

168.    Paragraph 168 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.  Answering further, the Defendants deny that they made any consumer loans in California or any other state.

169.  Paragraph 169 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.  Answering further, the Defendants deny that they made any consumer loans in California or any other state.

170.  The Defendants deny the allegations of Paragraph 170. Answering further, the Defendants deny that they made any consumer loans in California or any other state.

171.  Paragraph 171 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

172.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 172.

173.  Paragraph 173 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

174.  Paragraph 174 contains only legal conclusions to which no response is required.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

175.  The Defendants deny the allegations of Paragraph 175 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## EIGHTH CAUSE OF ACTION

**Injunctive Relief for Violations of State Law**
**(On Behalf of Plaintiff and the California Class)**
**(Class Claims against the Tribal Defendants in their official capacities for**
**prospective relief)**

176.    The Defendants incorporate each of their responses above as if fully set forth herein.

177.    Paragraph 177 contains only legal conclusions to which no response is required.   To the extent a response is deemed necessary, the Defendants deny the allegations set forth therein.

178.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 178.

179.    The Defendants deny the allegations of Paragraph 179.

180.    The Defendants deny the allegations of Paragraph 180 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

181.    The Defendants deny the allegations of Paragraph 181 and further deny that the Plaintiff and any putative class member is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Defendants deny that Plaintiff is entitled to a jury trial. To the extent Plaintiff has entered into a jury trial waiver and/or arbitration agreement, Defendants assert that Plaintiff's claim to entitlement to a jury trial is barred by such agreements.

## DEFENDANTS' AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief may be granted because the Defendants have never:

i.    made any consumer loan to Plaintiff, any other putative class member, or any consumer whatsoever;

ii.   marketed, offered, brokered, or arranged for any consumer loan to Plaintiff, any other putative class member, or any consumer whatsoever;

iii.  underwritten any loan application made by Plaintiff, any other putative class member, or any consumer whatsoever;

iv.   collected, enforced, attempted to collect or enforce, or communicated with any consumer for the purpose of collecting or enforcing any consumer loan made by Minto Financial or Birch Lending to Plaintiff, any other putative class member, or any consumer whatsoever;

v.    managed or exercised managerial authority over Minto Money or Birch Lending, which, at all times relevant, were managed by members of the Tribe and its government;

vi.    acted as a loan portfolio servicer of the consumer loan portfolios held by Minto Financial or Birch Lending, which, at all times relevant, were serviced by CreditServe, Inc. or its subsidiaries or affiliates; or

vii.    otherwise exercised control over the consumer lending businesses of the Tribe, BEDCO, Minto Financial, or Birch Lending.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the loan agreements between Plaintiff or any putative class member, on one hand, and Minto Money or Birch Lending, on the other hand, all of which are subject to enforceable class action waivers, jury trial waivers, and arbitration agreements. Therefore, Plaintiff may not maintain this action, whether individually or in a representative capacity, and Plaintiff should be compelled to participate in individual arbitration. The Defendants are intended third-party beneficiaries of any such agreement and entitled to enforce the same as against the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of Tribal sovereign immunity and the preemptive effect of federal law on the law of the State of California and any other states in which the putative class members reside. At all times relevant, the Tribe, through BEDCO and its wholly owned subsidiaries, made or issued the consumer loans at issue and operated the consumer lending businesses at issue, including exercising managerial control over the businesses' day-to-day operations. BEDCO and its

subsidiaries are wholly owned economic arms and instrumentalities of the Tribe and share in the Tribe's sovereign immunity to the same extent as the Tribe.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and any putative class members lack standing to pursue their claims under Article III of the United States Constitution, as they have suffered no concrete injury or direct harm as a result of the Defendants' conduct.

## FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff or any putative class member, which Defendants deny, was due to the affirmative actions and/or omissions of Plaintiff or the putative class members and does not give rise to any liability of the Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff or any putative class member, which Defendants deny, was due to the affirmative actions and/or omissions of third-parties with whom the Defendants have no affiliation and over whose acts the Defendants have no control, and whose acts do not give rise to any liability of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that they engaged in any conduct which would entitle Plaintiff or any putative class member to recover treble, exemplary, or punitive damages. Plaintiff's claims for treble, exemplary, or punitive damages against Defendants cannot be upheld to the extent they are in violation of any law passed by the United States Congress or any

applicable State Legislature limiting awards of punitive damages or the amount of such damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations or statute of repose.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff or any putative class member has suffered any damages, which Defendants deny, Plaintiff and said putative class members have failed to mitigate said damages.

## RESERVATION OF DEFENSES

Defendants reserve the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

WHEREFORE, Defendants, Eric Lochen and Mineral Point Consulting, LLC, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, respectfully requests that judgment be entered in their favor and that the Court dismiss this action with prejudice, denying all relief requested by the Plaintiff and granting Defendants such other and further relief as the Court determines is appropriate in the premises.

DATED this 22nd day of September, 2025.

Respectfully submitted,

Attorneys for Defendants Eric Lochen and Mineral Point Consulting, LLC

BIRCH HORTON BITTNER & CHEROT

*/s/ Mara E. Michaletz*
Mara E. Michaletz, ABA #0803007
David Karl Gross, ABA #9611065

FREDRIKSON & BYRON, P.A.
Mark W. Vyvyan, *Pro Hac Vice Forthcoming*
Jessica R. Sharpe, *Pro Hac Vice Forthcoming*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 22nd day of September, 2025, a true and correct copy of the foregoing was served on the following via the CM/ECF system:

BERGER MONTAGUE PC
E. Michelle Drake
John G. Albanese
Ariana B. Kiener
Marika K. O'Connor Grant
emdrake@bm.net
jalbanese@bm.net
akiener@bm.net
moconnorgrant@bm.net

*Attorneys for Plaintiff*

BIRCH HORTON BITTNER & CHEROT

By:     */s/ Alli White*
        Alli White